UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STEVEN MURPHY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:14CV869 RWS |
| DOUGLAS J. PRUDDEN, | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before me on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is barred by the limitations period, and petitioner is not entitled to equitable tolling. As a result, I will dismiss the petition without further proceedings.

Petitioner was convicted by a jury of burglary in the second degree and possession of a controlled substance. Missouri v. Murphy, No. 1122-CR05619 (City of St. Louis). On January 18, 2013, the trial court sentenced petitioner to two concurrent prison terms of seven years. Petitioner did not appeal or file a motion for postconviction relief.

Petitioner filed the instant petition on May 5, 2014.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .

A district court may dismiss an untimely habeas action on its own motion, so long as it gives notice to petitioner before dismissing. See Day v. McDonough, 547 U.S. 198, 209 (2006).

In Missouri, a prisoner has ten days to file a notice of appeal from the date the criminal judgment is rendered. See Mo. Ct. R. 30.01(a); Mo. Ct. R. 81.04(a). As a result, the statute of limitations began to run on January 28, 2013. 28 U.S.C. § 2244(d)(1)(A). No tolling provisions apply. So, the limitations period expired on about January 28, 2014, and the instant petition is time-barred.

Petitioner argues that he is entitled to equitable tolling because his trial lawyer failed to file a direct appeal on his behalf. Alternatively, petitioner argues that § 2244(d)'s limitations period is unconstitutional.

Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." Id. at 649-50.

Petitioner has not alleged that he diligently pursued his rights or that an extraordinary circumstance prevented him from filing his federal habeas petition on time. Petitioner's claim that his attorney failed to file a direct appeal does not explain why he did not file a timely habeas petition. Petitioner's challenge to the constitutionality of § 2244(d) is meritless. E.g., Delaney v. Matesanz, 264 F.3d 7, 12 (1st Cir. 2001) (citing cases).

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. Therefore, I will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that I will not issue a certificate of appealability.

An Order of Dismissal will be filed separately.

Dated this 9th day of June, 2014.

                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE